CHARLES BOLDT GLASS CO. v. GEORGE HARRIS.

1. WHO ARE FELLOW SERVANTS.

Where the duties of a laborer required him to wheel brick and mortar to the foot of a stack and fasten a bucket to a rope when directed to do so by the bricklayers and their helpers on the stack and the bricklayers and their helper had no other authority or control over the laborer, the latter and the former are fellow servants.

2. NO RECOVERY FOR INJURY UNLESS PROOF SHOWS HOW CAUSED.

If a laborer sustain an injury by reason of a brick falling from the top of a stack he cannot recover from his employer for his injury in the absence of proof showing who caused the brick to fall or that it fell through the faulty construction of a scaffold by defendant, his employer.

ERROR to Hamilton common pleas court.

Glass Co. v. Harris.

Jones & James and **G. B. Groesbeck,** for plaintiff in error.

**Seneca Behmyer,** for defendant in error.

**SWING, J.**

Harris brought an action in the court of common pleas of Hamilton county against the glass company for damages for injuries received while working for said company. The negligence alleged in the petition was the negligent construction of a platform and the negligent conduct of the bricklayers working thereon. By this negligence it is alleged a brick was thrown down the shaft or chimney which struck the plaintiff, Harris, on the head producing a great injury to him. A verdict and judgment was rendered in favor of the plaintiff and the action in this court is to reverse this judgment.

The undisputed facts are: That the glass company was building a brick stack; at the top of the stack, some sixty feet from the ground, one or two bricklayers and a helper were working. Harris was what witnesses call a "common laborer." He was ordered by the superintendent of the company to "attend them masons with mortar and brick just as they called for it." His duty under this command was to wheel brick and mortar to an arch-way of the stack, and attach a hook to buckets of mortar or brick whichever was called for by the parties working at the top of the stack. This hook was attached to a rope, which by means of a horse and pulleys, hoisted the brick and mortar to the top of the stack where it was detached by the helper, who in turn handed it to the bricklayers, who worked on a platform just above the platform on which the helper stood.

The only authority that the bricklayers or helper had over Harris, or at least in this case exercised over him, was to direct the time at which either brick or mortar was to be hooked to the rope to be sent up. Under this state of facts, Harris and those working at the top of the stack were fellow servants. *Pitts. F. W. & C. Ry.* v. *Lewis,* 33 Ohio St. 196; *Railway* v. *Ranney,* 37 Ohio St. 665; *Clev. L. & W. Ry.* v. *Shanower,* 70 Ohio St. 170 [71 N. E. Rep. 279].

The petition alleged that Harris was struck by a brick, which was thrown from the platform. The evidence fails to show what Harris was struck with. That he was struck with something and that his head was cut and that he was quite seriously injured is shown; but what it was that hit him is not shown, and that would probably be immaterial if it were shown that the injury was caused by the negligence of defendant. But what set the substance in motion that hit Harris is not shown.

### Hamilton County.

The evidence clearly shows the presence of two men working at the top of the stack, Whitaker, a bricklayer, and Davis, a helper. It further tends to show the presence of another, McCoy, a bricklayer, although McCoy says himself that he was not there at the time; but whether he was or not, we think it may be assumed that one of these parties set the object in motion which hit Harris. But we are unable to see any reason to conclude which one of these set the object in motion. There is absolutely no evidence on this matter, except Whitaker testified that he did not, and to the same effect was McCoy's, and Davis died before the day of trial. So that it must be pure conjecture for the jury to say that Whitaker or McCoy caused it, rather than Davis. Davis was a helper and it is admitted was a fellow servant of Harris, and if he did it, Harris could not recover.

While the petition alleges negligence in the construction of the platform, there is no proof to substantiate this allegation, and no proof that the object was set in motion by reason of anything pertaining to the platform.

In our opinion, the judgment is contrary to law, and is not sustained by sufficient evidence, and should therefore be reversed.

**Jelke** and **Giffen, JJ.,** concur.